ABE ARGOVITZ v. THE STATE.

No. 14248.   Delivered June 3, 1931.
Rehearing October 21, 1931.

The opinion states the case.

*Baskett & DeLee,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—The offense is embezzlement; penalty assessed at confinement in the county jail for 365 days.

The appellant was allowed forty-five days after the first day of November, 1930, within which to prepare and file the statement of facts. The statement of facts found in the record was not filed within the time mentioned but was filed more than ninety days after notice of appeal. By article 760, C. C. P., this court is forbidden to consider the statement of facts.

The offense is a misdemeanor. The complaint and information appear regular. But two bills of exception are found in the record. Each of them is based upon the contention that the evidence does not justify the conviction. No evidence appears in the bills of exception, and that appearing in the statement of facts as above stated, is not available upon this appeal.

Finding nothing presented for review which would warrant a reversal of the judgment, an affirmance is ordered.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, Judge.—In his motion, supported by affidavit, appellant insists that we should consider his statement of facts, his proposition being that after the expiration of the time given him by the court's orders within which to file a statement of facts,—his statement of facts was endorsed by the trial court: "Examined, approved and ordered filed." The record shows that on October 30, 1930, the court overruled

appellant's motion for new trial. The trial term of said court ended November 1, 1930. On November 29th of said year appellant filed a request that he be allowed fifteen additional days in which to prepare and have filed a statement of facts, stating in said application that the time allowed him by law to file said statement of facts would expire on Monday, December 1st. Said application was presented to the court on the day same was filed, and the court granted said additional time, stating in his order that appellant would be given the additional time, making forty-five days after the adjournment of court, in which to file his statement of facts. In his affidavit filed in support of this motion, it is made to appear that no statement of facts was filed within said forty-five days, but that thereafter a statement of facts was presented to the trial judge, and that on Saturday, January 31, 1931, said judge agreed to approve the statement of facts and let the appellate court decide the matter as to whether or not it would consider the statement of facts. Appellant's point is that the statement of facts having been approved by the trial judge and filed, even if it was not within the time alowed by law, that this court should consider same, following certain decisions of the civil appellate courts referred to in the motion. This court has declined in many cases collated under Mr. Vernon's notes to article 760, C. C. P., to consider statements of facts not filed within the time allowed by said article, and has uniformly followed the statute therein laid down. The authorities are too numerous to need citation.

The motion for rehearing will be overruled.

*Overruled.*